# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### Filed: April 26, 2017

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JACLYN RENE BALES, *on behalf of her minor child*, J.B.A., | \* \* \* |
| Petitioner, | \* \* |
| v. | \* \* |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* |
| Respondent. | \* \* |

No. 15-882V

Special Master Gowen

Unopposed Motion for Interim
Attorneys' Fees and Costs;
Reasonable Amount Which
Respondent Does Not Object.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Andrew Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner.
Camille M. Collett, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On April 6, 2017, Mr. Andrew Downing, petitioner's attorney of record in the above-captioned case, filed a motion to withdraw. Motion to Withdraw, ECF No. 32. Also on April 6, 2017, petitioner filed a motion for interim attorneys' fees and costs. Motion for Interim Attorneys' Fees and Costs, ECF No. 33. For the following reasons, the undersigned **GRANTS** petitioner's motion for interim fees and costs.

### I.    Procedural History

On August 17, 2015, Jaclyn Rene Bales ("petitioner") filed a petition on behalf of her minor child, J.B.A., pursuant to the National Vaccine Injury Compensation Program.[2] Petition, ECF No. 1. On October 6, 2015, petitioner filed an Amended Petition. Amended Petition, ECF

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

No. 9.  Petitioner alleged that as a result of receiving a DTaP vaccination on August 22, 2012, J.B.A. suffered seizures, developmental delay, and encephalopathy.  Petition at 1-2; Amended Petition.  On February 1, 2016, respondent filed a status report stating that she was not interested in settlement discussions.  A status conference was held on March 8, 2016, after which petitioner was ordered to file an expert report by June 8, 2016.

Following this order, petitioner secured an expert who agreed to review the case.  Counsel requested and received several extensions of time; but then "stopped drafting because he feels like a genetic explanation is necessary addressing . . . J.B.A.'s SCN1A mutation prior to his rendering a neurological opinion on vaccine causation."  On November 11, 2016, petitioner filed a motion to amend the schedule, advising that the original expert could not provide an opinion supporting causation and that petitioner and her counsel wished to meet before determining how to proceed.  The undersigned granted this extension and two further extensions for petitioner to file a status report indicating how she intended to proceed.  On January 27, 2017, petitioner filed a status report indicating that she had retained a new expert who was reviewing the file.  The undersigned granted petitioner until March 28, 2017, to file an expert report.  His order provided: "Petitioner should note that six extensions of time have previously been granted in this case to date.  The Special Master understands the challenges presented by this case, including the severity of the condition and the presence of an SCN1A mutation.  The requested extension will be granted, however, petitioner is cautioned that the proposed expert should be prepared to address the Althen prongs and provide an explanation that addresses the SCN1A issue.  The Special Master notes that he has been liberal in granting extensions to this point given the severity of the child's condition, but cautions that extensions cannot be granted indefinitely if petitioner is not able to find support for a theory of causation."  Order filed January 27, 2017, ECF No. 30.

On March 28, 2017, petitioner's counsel emailed the undersigned's law clerk to state that he would not be filing an expert report, and that he would be filing a motion to withdraw and a motion for attorneys' fees the next day.  Nothing was filed, and on April 3, 2017, the undersigned's law clerk emailed petitioner's counsel to request that petitioner's counsel file a status report or motion pursuant to the January 27, 2017, order.  Nothing was received.  On April 5, 2017, the undersigned issued an Order to Show Cause.  ECF No. 31.  Petitioner was ordered to file an expert report, a status report stating that no expert report will be filed and a motion for counsel to withdraw, or a motion for a dismissal, by Friday, May 5, 2017.  The undersigned noted that failure to do so would be interpreted as a failure to prosecute, and the petition will be dismissed.

On April 6, 2017, petitioner's counsel, Mr. Andrew Downing, filed a Motion to Withdraw as Attorney for petitioner.  ECF No. 32.  He stated that petitioner was aware that Mr. Downing intended to withdraw from the case and that he would serve on petitioner a copy of the motion to withdraw.  Id. at 1.  He represented that petitioner intended to either seek new counsel to represent her in this matter or proceed *pro se*.  Id. at 1-2.  The motion requested that petitioner be given 60 days within which to attempt to retain new counsel.  Id. at 2.

Also on April 6, 2017, petitioner filed a motion for interim attorneys' fees and costs, requesting $24,765.50 in interim attorneys' fees and $11,913.45 in interim attorneys' costs, for a total interim award of $36,678.95.  Petitioner's Motion for Interim Attorney's Fees and Costs ("Pet'r's Int. App."), ECF No. 33.  On April 11, 2017, respondent filed a response to petitioner's motion.  Respondent's Response ("Resp's Resp."), ECF No. 34.  Respondent "defer[red] to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs award as set forth" in Avera v. Secretary of Health & Human Services, 515 F.3d 1343 (Fed. Cir. 2008).  Id. at 2.  "With that exception, respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id. at 2.  Respondent states: "Should the Special Master conclude that an award of interim fees and costs is appropriate, respondent respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Id. at 3.  Petitioner did not file a reply.  This matter is now ripe for adjudication.

## II.    Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act.  Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372 (Fed. Cir. 2010); Avera, 515 F.3d 1343.  The Federal Circuit has stated, "Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act."  Cloer v. Sec'y of Health & Human Servs., 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

Petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the undersigned finds that she brought her petition in good faith and with a reasonable basis. § 15(e)(1); Avera, 515 F.3d at 1352; Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372 (Fed. Cir. 2010); Woods v. Sec'y of Health & Human Servs., 105 Fed. Cl. 148, 154 (Fed. Cl. 2012); Friedman v. Sec'y of Health & Human Servs., 94 Fed. Cl. 323, 334 (Fed. Cl. 2010); Doe 21 v. Sec'y of Health & Human Servs., 89 Fed. Cl. 661, 668 (Fed. Cl. 2009); Bear v. Sec'y of Health & Human Servs., No. 11-362v, 2013 WL 691963, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2013); Lumsden v. Sec'y of Health & Human Servs., No. 97-588, 2012 WL 1450520, at *6 (Fed. Cl. Spec. Mstr. Mar. 28, 2012).

In Avera, the Federal Circuit stated, "Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."   515 F.3d at 1352.   In Shaw, the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375.

In this case, respondent is generally satisfied that the statutory requirements for an award of attorneys' fees and costs are met, but "defers to the Special Master to determine whether petitioner has met the legal standard for an interim fees and costs award as set forth in Avera." Resp's Resp. at 2.  The undersigned finds that an interim award in this case is appropriate under Avera.  Mr. Downing has filed a motion to withdraw from the case, but petitioner intends to seek other counsel or proceed pro se.  Further proceedings in the case could be prolonged.  Present

counsel should not have to wait an indeterminate amount of time in order to receive an award of fees and costs.  Therefore, the undersigned will award interim attorneys' fees and costs.

### III.   Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs."  42 U.S.C. § 300aa—15(e)(1).  Special Masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs.  See Perreira v. Sec'y of Health and Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications").

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation." Id. at 1347-58 (citing Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the award based on other specific findings.  Id. at 1348.

#### a.   Reasonable Hourly Rates

The undersigned recently conducted a thorough analysis to determine appropriate hourly rates for work performed in the Vaccine Program.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  After discussing the potential approaches to setting a forum rate and reviewing cases and material from both inside and outside of the Vaccine Program, he concluded that the following factors should be considered while determining an attorney's appropriate hourly rate: (1) the prevailing rate for comparable legal work in Washington, D.C.; (2) the prevailing rate for cases in the Vaccine Program; (3) the experience of the attorney(s) in question within the Vaccine Program; (4) the overall legal experience of the attorney(s); (5) the quality of work performed by the attorney(s) in vaccine cases; and (6) the reputation of the attorney(s) in the legal community and the community at large.  McCulloch, 2015 WL 5634323, at *17.  McCulloch has been endorsed by all current special masters and has been used to formulate an hourly rate fee schedule, which is published on the U.S. Court of Federal Claims' website as a resource for petitioners' counsel. See Office of Special Masters – Attorneys' Forum Hourly Rate Fee Schedule: 2015- 2016, available at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters (last accessed April 26, 2017).  The fee schedule sets forth the following rates for 2015- 2016:

| Attorneys with: | |
|---|---|
| 31+ years of experience in practice | $385- $430 |
| 20-30 years of experience in practice | $350- $415 |
| 11-19 years of experience in practice | $300- $375 |
| 8-10 years of experience in practice | $275- $350 |
| 4-7 years of experience in practice | $225- $300 |
| Less than 4 years of experience in practice | $150- $225 |
| Paralegals | $125- $145 |

In the present case, petitioner requests compensation at the following hourly rates:

| | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|
| **Attorneys** | | | | |
| Andrew Downing | $350 | $350 | $350 | $375 |
| Courtney Van Cott | N/A | N/A | $195 | N/A |
| Jordan C. Redman | $195 | $195 | N/A | N/A |
| **Legal Assistants/ Paralegals** | | | | |
| Robert W. Cain | $100 | $100 | $100 | N/A |
| Danielle P. Avery | $100 | $100 | $100 | $135 |

See generally Pet'r's Int. App., Exhibit ("Ex.") A at 35.

Petitioner's motion for interim attorneys' fees and costs provides: "On January 1, 2017, the undersigned counsel implemented an hourly rate increase to $375/ hr for Mr. Downing, and $135/ hr for legal assistants. The undersigned's hourly rates had not been increased in four years. This is a smaller increase than if Counsel had implemented a 3.7% annual growth rate as contemplated in McCulloch. The requested rates still fall within the range of appropriate hourly rates as previously determined by this Court." Pet'r's Int. App. at 1.

The rates requested for Mr. Downing, his associates, and his legal assistants/ paralegals for work performed from 2014 to 2016 have been repeatedly awarded. See, e.g., Bognar, No. 16-726V, 2017 WL 1376437 (Fed. Cl. Spec. Mstr. Mar. 22, 2017); Semanisin, No. 15-1395V, 2017 WL 1398567 (Fed. Cl. Spec. Mstr. Mar. 21, 2017); Al-Uffi v. Sec'y of Health & Human Servs., No. 13-956V, 2015 WL 6181669 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

The undersigned also finds that the rate increases for work performed in 2017 are reasonable. The motion for attorneys' fees and costs states that that Mr. Downing has not increased his rate in four years. It also states that the requested increase is smaller than if he had applied the 3.7% annual growth rate endorsed in McCulloch, 2015 WL 5634323, at *16. Mr. Downing is correct in that argument. Additionally, the requested rate of $375.00 per hour is within the appropriate McCulloch range for Mr. Downing, who has been practicing law for 22 years.

The requested increase for work performed by Ms. Avery in 2017 will also be awarded. Mr. Downing is not correct that this is a smaller increase than if he had increased Ms. Avery's rate by 3.7% each year, as endorsed in McCulloch.[3] However, Ms. Avery has been gaining experience while working on this case and others with Mr. Downing for the past several years. Additionally, the requested rate of $135.00 is within the range endorsed in McCulloch. Based on the foregoing, the undersigned finds that it is reasonable to award $135.00 per hour for work performed by Ms. Avery in 2017.

---

[3] Application of the 3.7% annual growth rate contemplated in McCulloch to Ms. Avery's hourly rate:

| 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|
| $100 | $103.70 | $107.54 | 111.52 |

### b. Hours Expended

Petitioner requests compensation for a total of 156.2 hours of work on her case from 2014 to the present.  Pet'r's Int. App., Exhibit ("Ex.") A at 35.  26.4 hours were expended by Mr. Downing; 11.6 hours by Ms. Van Cott; 13.5 hours by Mr. Redman; 78.5 hours by Mr. Cain; and 26.2 hours by Ms. Avery.  Id.  Respondent did not object to the overall amount of time petitioner's counsel spent working on her case.  After carefully reviewing the billing records, the undersigned finds that the hours spent are reasonable and will thus pay them in full.

### c. Attorneys' Costs

Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded also applies to costs.  See Perreira, 27 Fed. Cl. at 34 (1992).  Reasonable expert costs are calculated using the same lodestar method as is used when calculating attorneys' fees.  Masias v. Sec'y of Health & Human Servs., No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009).  In the present case, petitioner requests $11,913.45 for costs incurred by Mr. Downing.  Pet'r's Int. App. at 1.  These costs are associated with filing the claim; two experts' review of the claim; medical record collection; photocopies; faxes; and postage.  Pet'r's Int. App., Ex. A at 30-35.  The undersigned finds all of these costs to be reasonable and awards them in full.

## IV.    Conclusion

The undersigned finds an interim award of attorneys' fees and costs appropriate at this time.  Based on his review of the motion for interim attorneys' fees and costs and the supporting documentation, **the undersigned awards a total of $36,678.95 as a lump sum in the form of a check made jointly payable to petitioner and petitioner's attorney, Mr. Andrew Downing of Van Cott & Talamante, PLLC.**

In the absence of a motion for review filed pursuant to RCFC Appendix B,[4] the Clerk of the Court is directed to **ENTER JUDGMENT** herewith.

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.