# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: November 15, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * | | |
| JACLYN RENE BALES, *on behalf* | * | UNPUBLISHED |
| *of her minor child*, J.B.A., | * | |
| | * | No. 15-882V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for Dismissal; |
| AND HUMAN SERVICES, | * | Diphtheria-Tetanus-Acellular Pertussis |
| | * | Vaccination; Seizure Disorder; |
| Respondent. | * | SCN1A Gene Mutation. |
| | * | |
| * * * * * * * * * * * * * * * * * | | |

Renee J. Gentry, Vaccine Injury Clinic, George Washington University Law School, Washington, DC, for petitioner.
Camille M. Collett, United States Department of Justice, Washington, DC for respondent.

### DECISION[1]

On August 17, 2015, Jaclyn Rene Bales ("petitioner") filed a petition on behalf of her minor child, J.B.A., pursuant to the National Vaccine Injury Compensation Program.[2] On October 6, 2015, petitioner filed an Amended Petition. Petitioner alleged that as a result of receiving a diphtheria-tetanus-acellular pertussis ("DTaP") vaccination on August 22, 2012, J.B.A. suffers from seizures, developmental delay, and encephalopathy. Petition at 1-2; Amended Petition.

On November 14, 2017, petitioner filed a motion for a decision dismissing her petition. Petitioner's Motion (ECF No. 48). It provides that an investigation of the facts and science… has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." Id. at 1. In these circumstances, to proceed further would be unreasonable

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

and would waste the resources of the Court, the respondent, and the Vaccine Program. Id. Petitioner understands that a decision by the special master dismissing her petitioner will result in a judgment against her and will end all of her rights in the Vaccine Program. Id. Petitioner understands that she may apply for costs once her case is dismissed and judgment is entered against her. Id.

Respondent expressly reserves the right to challenge whether petitioner's claim was timely filed and to oppose, if appropriate, petitioner's application for attorneys' fees and costs. Id. at 2. Respondent otherwise does not oppose the motion for a dismissal decision. Id.

Finally, petitioner intends to protect her right to file a civil action in the future. Id. Thus, she intends to elect to reject the Vaccine Program judgment against her and elect to file a civil action. Id. This matter is now ripe for review.

To receive compensation in the Program, petitioner must establish either (1) a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that a vaccine listed on the Table was the cause-in-fact of the vaccinee's injury. See §§ 13(a)(1)(A) and 11(c)(1). Under the Vaccine Act, the Program may not award compensation solely based on a petitioner's own claims. Rather, a petitioner must support his claim with either medical records or the opinion of a competent physician. § 13(a)(1).

In the present case, petitioner does not claim and the records does not uncover any evidence that J.B.A. suffered a "Table Injury." Neither is there any persuasive evidence that J.B.A.'s seizure disorder and related injuries were caused by the DTaP vaccination. J.B.A. has a SCN1A gene mutation. Variants of this mutation have been associated with neurological conditions such as Dravet Syndrome. While J.B.A. does not have Dravet Syndrome, this represents a significant obstacle to the claim.

Petitioner claims that the SCN1A gene mutation has not caused J.B.A.'s condition. Genetic testing indicates that J.B.A. inherited the gene from a parent. Petitioner (J.B.A.'s mother) indicates that she has the same gene, but she is asymptomatic. Thus, petitioner believes that another factor – i.e., the vaccination – caused J.B.A.'s condition. In May 2017, I allowed petitioner additional time to obtain new counsel and to obtain reports from an expert geneticist and an expert neurologist or immunologist. Petitioner retained new counsel in the same month, but has not filed any expert reports. After further consideration and discussion with counsel, petitioner has now filed a motion to dismiss her claim. Thus, petitioner has concluded that she cannot prove a causal link between the DTaP vaccine and J.B.A.'s condition.

Based on my review of the record, I agree that petitioner will be unable to prove that she is entitled to compensation in the Vaccine Program. **Thus, this case is dismissed for insufficient proof. The Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master